NEW ORLEANS & N. E. R. Co. *v.* WARD.

[96 South. 401. No. 23304.]

1. APPEAL AND ERROR. *Finding of fact by jury supported by substantial proof not disturbed unless clearly wrong.*

This court will not disturb the finding of fact by a jury if it is supported by substantial proof that may be reasonably believed

by the ordinary mind, except in exceedingly rare cases, where the contradicting testimony is so overwhelming as to manifest an erroneus finding of fact upon the reasonable proof.

2. CARRIERS. *Damages reduced from seven hundred sixty dollars to three hundred fifty dollars for wrongful ejectment from passenger train.*

A judgment for seven hundred sixty dollars as actual damages for wrongful ejection of a passenger *held* excessive and reduced to three hundred fifty dollars.

APPEAL from circuit court of Lauderdale county.

HON. J. D. FATHERREE, Judge.

Action by I. T. Ward against the New Orleans & Northeastern Railroad Company. From a judgment for plaintiff, defendant appeals. Affirmed with *remittitur*.

*Bozeman & Cameron*, for appellant:

I. The verdict contrary to the evidence. The first point we submit is that the verdict rendered by the jury is contrary to the evidence in the case. It is true that the plaintiff detailed one version of how the transaction occurred and the flagman detailed another, and this conflict would ordinarily be for jury determination. On this point, therefore, we rely solely on the proposition that the plaintiff's story of what occurred is not worthy of belief.

II. The verdict is excessive. Next we contend that the amount of the verdict is not sustained by the proof. It appears definitely that train No. 41 did not arrive in New Orleans until 11:45 a. m., while the train for Alexandria left at 11:30 a. m. The two depots were from one to two miles apart. (Ib) The next train out over the Texas & Pacific left at 7:30 p. m. and plaintiff arrived in plenty of time for it.

Plaintiff did not have to pay any more railroad fare; he was furnished dinner by the conductor of train No. 5, and he was given fifty cents by the flagman. It is clear, therefore, that the only damage possibly suffered by the plaintiff arose from his two hours' stay in Meridian. Ac-

cording to him, he sat around in the cold that two hours, which gave him a pretty bad cold and a chill with it and finaliy he admitted that he still suffered from that exposure "by spells."

We submit that the case was not one for punitive damages under any possible theory of the case. Indeed, we do not understand that any punitive damages are claimed, as no instructions on the subject were asked or given. The actual damages shown are entirely trivial, even if they are considered definite enough to form the basis for a verdict.

It is quite evident that the plaintiff capitalized the sentiment which would naturally be in the heart of every man towards one who had contracted tuberculosis while serving his country. We respectfully call the court's attention in connection with the excessiveness of the verdict, to the following cases. *I. C. R.* v. *Dodd,* 104 Miss. 643, 61 So. 595; *I. C. R.* v. *Shackelford,* 111 Miss. 121, 71 So. 298; *Y. & M. V. R.* v. *Smithart,* 111 Miss. 299, 71 So. 562; *Pullman Co.* v. *Anderson,* 119 Miss. 791, 81 So. 276.

We call the court's attention to the fact that the undisputed testimony shows that the plaintiff got off the train not more than fifty feet from the offices of the railroad company, where there was heat and comfortable surroundings, and that he was probably less than one hundred feet from a restaurant, similarly equipped. Certainly, under the law, the plaintiff was bound to do everything reasonably within his power to minimize his damage. *Vicksburg, etc.* v. *Ragsdale,* 46 Miss. 458; *New Orleans, etc.* v. *Echols,* 54 Miss. 264; *Birdsong* v. *Ellis,* 62 Miss. 418.

*M. V. B. Miller,* for appellee.

The first proposition argued by counsel for appellant is that the "verdict is contrary to the evidence and that the court should have given a peremptory instruction in favor of the defendant company." Before this court would be justified in saying the court should have granted a per-

emptory instruction for the appellant on the ground now urged in this court, we submit, would have necessitated absolute disregard of the rules of law that have existed ever since the jury system has prevailed in the English and American jurisprudence.

Before the appellant would be entitled to a peremptory instruction, all the facts and circumstances in this case and all reasonable inferences that can be drawn therefrom, must be construed strongly against the appellant. *Director General* v. *Moore,* 87 So. 1. A verdict considered upon conflicting evidence is conclusive. *Thompson* v. *Poe,* 104 Miss. 586, 51 So. 656; *Sovereign Company, Woodmen of the World* v. *McDonald,* 109 Miss. 167, 68 So. 74; *Mardis* v. *Y. & M. V. R. Co.,* 115 Miss. 734, 76 So. 400; *Estes* v. *Jones,* 119 Miss. 142, 80 So. 526.

This court held in the case of *Railroad Company* v. *Bowles,* 107 Miss. 67, 64 So. 958, that it would not set aside a verdict merely because it believed it was contrary to the weight of the evidence and in the case at bar, even if this court should adopt the view of the counsel that the verdict is contrary to the weight of the evidence, it would not be justified in reversing this case.

The second proposition the counsel for appellant argued in his brief, is that the 'verdict is excessive' and in support of this contention, cites the following cases: *I. C. R. R.* v. *Dodd,* 104 Miss. 643, 61 So. 695; *I. C. R. R.* v. *Shackelford,* 111 Miss. 121, 71 So. 298; *Y. & M. V. R. R.* v. *Smithart,* 111 Miss. 299, 712 So. 562; *Pullman Co.* v. *Anderson,* 119 Miss. 791, 81 So. 276.

We respectfully call the court's attention that every one of these cases cited above, are cases in which passengers were wrongfully ejected and assaulted. Even in those cases where the parties were carried by their destinations through inadvertence the amount of damages permitted to stand by this court depends entirely on the facts and circumstances of each particular case. One of the cases cited in counsel's brief is the case of *Y. & M. V. R. R. Co.* v. *Smithart.* In that case, the jury rendered a verdict for

five hundred dollars. The court held that this was excessive and said that a verdict would not be sustained for more than one hundred dollars. In a companion case in *Y. & M. V. R. R. Co.* v. *Hearn,* 71 So. 561, the court upheld a verdict of four hundred fifty dollars. Miss Smithart and Miss Hearn were carried by their station, Kings Crossing, to Vicksburg, a distance of four or five miles. On the occasion complained of, they were together all of the time, until they finally reached their home, several miles out of Vicksburg. In the Smithart case the evidence showed that she was a strong woman and the court permitted a verdict of only one hundred dollars to stand.

It is my humble opinion that this court would not be warranted in disturbing the verdict for the full amount sued for under the facts of this case. This court upheld a verdict for one thousand five hundred dollars in the case of *Y. & M. V. R. Co.* v. *Fitzgerald,* 50 So. 63, where there were no actual damages, other than the humiliation and annoyance of the plaintiff by the defendants' conductor.

HOLDEN, J., delivered the opinion of the court.

The appellee, Ward, recovered a judgment for seven hundred sixty dollars against the appellant railroad company as damages for being wrongfully ejected from a passenger train about one mile south of the depot in the city of Meridian; and from this judgment the railroad company appeals.

Ward testified that he had transportation from Birmingham to New Orleans by way of Meridian on the appellant's railroad, and that he was wrongfully ejected from the train at Meridian, at about 5:30 in the morning by the flagman, for no known reason whatever. Appellee was compelled to wait about two hours before catching another train for New Orleans, upon which he went and caught the train intended out of New Orleans for Alexandria, his destination. Appellee claimed to have suffered some inconvenience, a slight cold, and occasional spells on account of being put off the train. The judgment for seven hun-

dred sixty dollars consists of actual damages only; no punitive damage was claimed.

The appellant presses two grounds for reversal: First, that the testimony of the plaintiff is so unreasonable and contradictory as to be manifestly false and unbelievable; and, second, that the amount of recovery is excessive.

The point made that the testimony is unreasonable and unbelievable is not without considerable merit; but after a careful consideration of the evidence, we are unable to say that the testimony is wholly unreasonable or manifestly false, because we think it is not an impossible story, even though it be surrounded with grave doubt; and it was within the province of the jury to believe it, though it may appear to have been hard for the ordinary mind to believe it; and therefore the finding of fact by the jury will not be disturbed by this court. We have gone as far in this direction as it is sound and proper to go under former decisions of this court.

On the second point that the amount of recovery is excessive, we shall not set out the facts of the case because no good purpose can be served thereby, but shall consider it sufficient to say that under the whole proof in the case we think the judgment of seven hundred sixty dollars is excessive; and for that reason the judgment will be reversed for the assessment of damages only, unless the appellee will enter a *remittitur* reducing the amount of recovery to three hundred fifty dollars, in which event the judgment will be affirmed.

*Affirmed with remittitur.*